IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

---

JOHN MCCARVER, §
§
    Plaintiff, §
§
vs. § No.
§ JURY DEMANDED
LODGE MANUFACTURING COMPANY §
§
    Defendant. §

---

# COMPLAINT

---

**COMES THE PLAINTIFF, JOHN McCARVER**, and files this Complaint against the Defendant, **LODGE MANUFACTURING COMPANY** He shows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, John McCarver, is a citizen and resident of Stevenson, Alabama.

2. Defendant, Lodge Manufacturing Company, is an employer operating and doing business in South Pittsburgh, Tennessee, in Marion County, where it employed Plaintiff.

3. This Court has jurisdiction pursuant to diversity of citizenship, as this case involves "citizens" of different states and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a)(1). Additionally, this Court has jurisdiction under the Americans with Disabilities Act, with amendments, 42 U.S.C. §12011 et. seq. Plaintiff has exhausted administrative prerequisites by filing with the EEOC, receiving a Notice of Right to Sue, and by filing this action within the requisite ninety (90) days thereafter. Venue is proper because the alleged acts in this lawsuit occurred in this judicial district and/or because the Defendant conducts business in this judicial

district.

## II. FACTUAL BASES FOR SUIT

4. Defendant employed Plaintiff as an at will employee for approximately 13 years ending as a supervisor.

5. Plaintiff has a history ("record") of a disability. In 2004, he suffered an electrocution at work due to high voltage exposure. This caused a serious spinal injury which required two rods and multiple screws to secure Plaintiff's head, and resulted in a 39% disability rating. Thus, Plaintiff has an actual disability as well as a record of a disability.

6. Despite this disability, Plaintiff did return to work for Defendant. Six years later, 2010, Plaintiff suffered a back impairment which required multiple surgeries, and kept him off work for more than six months. Plaintiff has residual limitations to major life activities of walking, sitting, lifting, climbing, movement, and working certain "types" of strenuous jobs. He also experiences chronic pain.

7. Despite the electrocution and multiple back surgeries, Plaintiff did again return to work for Defendant.

8. Around June of 2014, Plaintiff sustained a painful bruise to his foot, what he describes as a "stone bruise." This bruise caused him to noticeably hobble and limp. And, given his history ("record"), it set off alarms about his health as if he were a marked man.

9. Around that same time, Defendant (through Dave Shouse) suspended Plaintiff for three days for investigation into an alleged insubordination against the company. After three days, Defendant (again through Shouse) said it was "almost insubordination," but it was not. Nevertheless, Defendant was still going to terminate Plaintiff. Then, in an extremely odd circumstance, Defendant also stated that it very much appreciated Plaintiff and was giving him

three months of severance pay in recognition of all of this good work. Indeed, Plaintiff had received consistent and strong job evaluations with annual raises.

10. On June 26, 2014, without stating the specifics of any alleged insubordination or performance problem, Defendant (through Shouse) wrote a letter stating in conclusory and very negative fashion that Plaintiff had poor leadership, exercised poor judgment, and caused distrust and confusion. But Defendant then stated, for a second time, that Plaintiff had "potentially" violated an insubordination policy. And Defendant closed the letter acknowledging it was paying Plaintiff three months of pay for his good work.

11. In truth, Defendant terminated Plaintiff because of his disability, record of disability and/or a feared of recurring medical issues. The letter amounts to an awkward and fumbled attempt to "justify" a reason. In the end, though, Plaintiff was not terminated for any close-call insubordination or work performance issues. With his good record, evidence by the three months of pay for good work, and the lack of any actual insubordination or terminable offense, and considering the timing with his limping, Defendant terminated Plaintiff because of his "disability," as that term of art is defined.

12. And that termination has had serious consequences for Plaintiff. He is an older worker with a serious history of injury. And, in Tennessee, it is not illegal to refuse to hire someone due to a previous workers compensation injury at another employer. Thus, the termination has been devastating to Plaintiff, not only emotionally, but in terms of future income, as Plaintiff is not able to obtain work. Plaintiff seeks these damages, along with punitive damages due to the reckless indifference to his federally protected rights. He seeks his attorneys fees and costs.

Page 3

Case 1:15-cv-00289-HSM-SKL   Document 1   Filed 10/20/15   Page 3 of 4   PageID #: 3

## III. LEGAL CAUSES OF ACTION

13. Based upon the foregoing facts, Plaintiff brings the following causes of action:

    **A.     ADAAA:  Termination because of "disability," actual, record of, or regarded as**.

14. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests Defendant Answer this Complaint and that Plaintiff be awarded damages to all actual damages, compensatory damages, punitive damages, attorneys fees, and costs.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC**

**s/ Justin S. Gilbert**
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd., Suite 504
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

Jonathan L. Bobbitt (TN Bar No. 23515)
Emily S. Emmons (TN Bar No. 33281)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: 615-354-1144
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com
eemmons@gilbertifm.com

*ATTORNEYS FOR PLAINTIFF*